MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The facts set forth in the majority opinion would be relevant if the issue to be decided was “negligent entrustment of a vehicle.” In my view, the record discloses other facts which I believe were utilized by the trial judge in granting the plaintiff’s motion for summary judgment on the issue of express or implied permission to operate the insured vehicle.
Jeff testified that, prior to taking the vehicle, he got on the school bus as he normally did, that he later left the bus and walked back to the barn at the family residence where he hid for approximately four hours until both his parents had left the residence. He then entered the residence, obtained the car keys, and left with the vehicle for Utah, with the intention of not returning. Jeff further testified that he was not allowed to operate a motor vehicle without express permission of his parents and that at least one of his parents had to be with him when on the highway or in town.
Jeff’s father testified that Jeff was never to take the car without asking either of the parents first, and that he could not drive a car in town or on the highway without one of the parents being with him.
Jeff’s father also testified that he reported the car as “stolen” to the local sheriff’s office and to the Montana Highway Patrol, even though he believed the car had been taken by his son Jeff.
It is my opinion, based on the entire record, that the trial judge correctly ruled that, as a matter of law, there was no express or implied permission given by the parents to their son Jeff to operate the insured vehicle at the time of the accident. I would affirm.